# EXHIBIT

# 1

IN THE COURT OF COMMON PLEAS
OF ADAMS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Joseph Sucec
325 Peach Glen-Idaville Road
Gardners, PA 17324

      PLAINTIFF

v.

The Greenbrier
300 W. Main Street
White Sulphur Springs, WV 24986
and
John Does 1-10
and
X,Y,Z Corporations

      DEFENDANT

Jury Trial Demanded

## NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

MidPenn Legal Services
128 Breckenridge Street
Gettysburg, PA 17325
(717) 334-7623

IN THE COURT OF COMMON PLEAS
OF ADAMS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Joseph Sucec
325 Peach Glen-Idaville Road
Gardners, PA 17324
      PLAINTIFF
v.
The Greenbrier
300 W. Main Street
White Sulphur Springs, WV 24986
and
John Does 1-10           Jury Trial Demanded
and
X,Y,Z Corporations
      DEFENDANT

## COMPLAINT

### INTRODUCTION

1. Plaintiff brings this action for a gift card with an alleged illegal expiration dates that is prohibited under federal law. The Credit Card Accountability Responsibility and Disclosure Act ("CCARDA") and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq.*, specifically prohibit the sale and issuance of gift cards or gift certificates with expiration dates of less than five years after the date of issuance.

2. The Credit Card Accountability Responsibility and Disclosure Act ("CCARDA") and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq.*, specifically prohibit the sale and issuance of gift cards or gift certificates, which expire in less than five years.

## PARTIES

3. The previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

4. Plaintiff is Joseph Sucec, an adult individual, and resident of Adams County, Pennsylvania, whose address is 325 Peach Glen-Idaville Road, Gardners, PA 17324.

5. Defendant is The Greenbrier, a business entity located at 300 W. Main Street, White Sulphur Springs, WV 24986.

## JURISDICTION AND VENUE

6. The previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

7. Venue properly lies in this jurisdiction because Defendant conducts regularly business in this jurisdiction.

8. Venue is also proper in this jurisdiction because a substantial portion of the transaction or occurrence took place in this jurisdiction.

9. Venue is proper in his jurisdiction because witnesses to the transaction, occurrence or omission are located in or near this jurisdiction.

10. This Court has jurisdiction over Defendant(s) because Defendant(s) has / have specifically marketed, sold and issued gift certificates in this jurisdiction.

11. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this jurisdiction.

### Count One: Violation of the Credit Card Accountability, Responsibility and Disclosure Act, 15 USC 1693 Et. Seq. (CCARDA)

12. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

13. On May 22, 2009, the Credit Card Accountability, Responsibility, and Disclosure (CCARD) Act of 2009 was signed into law with a provision that amends the Electronic Funds Transfer Act.

14. Among the provisions of the provisions of CCARDA were certain rules and regulations pertaining to the sale of gifts card and gift certificates.

15. The Federal Reserve Board of Governors is responsible for prescribing regulations to implement the CCARDA.

16. The Regulation promulgated by the Federal Reserve Board of Governors which implements CCARDA is known as Regulation E.

17. Said Regulation E implements and makes the regulations of CCARDA pertaining to "general use pre-paid card," " gift certificate," or "store pre-paid card" effective as of August, 2010.

18. CCARDA and Regulation E provides that in no case shall a "general use pre-paid card," " gift certificate," or "store pre-paid card" expire within 5 years or 60 months immediately following the date of sale.

19. Within the applicable statute of limitations prior to the commencement of this action, Plaintiff purchased a gift card or certificate from Defendant. See attached Exhibits.

20. Said gift card was a "general use pre-paid card," " gift certificate," or "store pre-paid card" as defined by CCARDA.

21. The gift card or certificate that Plaintiff purchased had an expiration date of less than five years (60 months) from the date that such gift card was issued by Defendant to Plaintiff.

22. It is believed and averred that since the date of the transaction, occurrence or omission complained of in this action, Defendant has sold numerous gift certificates that contained provisions for the expiration of the certificates at some time less than 60 months after their date of sale or issue, irrespective of any conditions or limitations on the applicability of the provision.

23. Defendant violated CCARDA and Regulation E in its sale of "general use pre-paid card," " gift certificate," or "store pre-paid card" to consumers for that contained a provision for expiration of the certificates in less than 60 months from the date of issue.

24. Defendant's business practices constitute a *per se* violation of CCARDA and Regulation E.

25. The "general use pre-paid card," " gift certificate," or "store pre-paid card" that Plaintiff and other consumers purchased from Defendant are less valuable than they would have been if they contained five-year rather than one-year expiration provisions.

26. Plaintiffs and others similarly situated consumers suffered an ascertainable loss from Defendant's sale of "general use pre-paid card," " gift certificate," or "store pre-paid card" to them bearing less than 60 month expiration provisions in violation of the CCARDA and Regulation E.

## DAMAGES

27. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

28. 15 U.S.C. § 1693m provides that Defendant shall be liable to Plaintiff for violations of 15 U.S.C. § 1693, *et seq.* in the amount of, *inter alia,* statutory damages to be determined by the court, the costs of this action and reasonable attorneys' fees.

29. Statutory damages run between $100.00 to $1,000 for such violation, according to 15 USC 1693 m.

30. Plaintiff believes and avers that $1,000 statutory damages is warranted, and demands the same.

## ATTORNEY FEES

31. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

32. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees of $350 per hour.

33. Plaintiff's attorney fees are listed below.

   a. Consultation with Client                                           .5
   b. Drafting, editing and filing of Writ and related documents   .25
   c. Drafting, editing, review and filing of Complaint                1
   d. Follow up correspondence with Defense                           2

   _____

   3.75 x $350 = $1,312.50

34. Plaintiff's attorney fees continue to accrue as the case is prosecuted.

35. The above stated attorney fees include reasonable estimate for the time spent as of the filing of this action and reasonable follow up.

## OTHER RELIEF

36. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

37. Plaintiff requests such other relief as this Honorable Court deems just and proper.

38. Plaintiffs demand a trial by jury on all issues subject to trial.

39. Plaintiff requests declaratory and injunctive relief prohibiting the future conduct of Defendant(s) described in this Complaint.

WHEREFORE, Plaintiff, demands damages of $2,312.50 enumerated bellow.
$1,000 Statutory Damages
$1,312.50 Attorney fees

$2,312.50

Plaintiff also requests such other relief as this Court deems just and appropriate.

_Vicki Piontek_   8-8-2011
Vicki Piontek                    Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735

# EXHIBITS



0345 7000 0003 6032

*The* *Greenbrier*

For balance inquiries, go to www2.mycard.net
Use of this card constitutes acceptance of the following terms: This card can be used for the purchases of merchandise at retail shops, food and beverage and recreation at The Greenbrier. This is a reusable shopping card which can be used at different times until the available balance is used or it reaches the expiration date. This gift card will expire three years after the thirty-first day of December of the year in which the gift card was purchased.

IN THE COURT OF COMMON PLEAS
OF ADAMS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Joseph Sucec
325 Peach Glen-Idaville Road
Gardners, PA 17324
                PLAINTIFF

v.

The Greenbrier
300 W. Main Street
White Sulphur Springs, WV 24986
and
John Does 1-10
and
X,Y,Z Corporations
                DEFENDANT

Jury Trial Demanded

2011 AUG 9 PM 2 32
FILED PROTHONOTARY

## VERIFICATION

I, Joseph Sucec, have read the attached Complaint. The facts stated in the Complaint are true and correct to the best of my knowledge, understanding and belief.

_____     8/8/2011
Joseph Sucec               Date

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Removal was served upon the following counsel of record via U.S. first class mail postage pre-paid on September 14, 2011:

> Vicki Piontek, Esquire
> 951 Allentown Rd.
> Lansdale, PA 19446

By: SPILMAN THOMAS & BATTLE, PLLC

/s/ Derrick Price Williamson