IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH SUCEC,** | : | **Civil Action: 1:11-CV-1716** |
| Plaintiff | : | |
| v. | : | The Honorable Sylvia H. Rambo |
| **THE GREENBRIER,** *et al.*, | : | |
| Defendant | : | |

# M E M O R A N D U M

Before the court is Defendant Greenbrier Hotel Corporation's ("the Greenbrier") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (Doc. 2.) For the reasons that follow, this court finds that court does not have personal jurisdiction over Defendant and venue is improper here. Thus, this case will be transferred to the United States District Court for the Southern District of West Virginia without ruling on the motion to dismiss.

## I.  Background

Plaintiff brings this action under the Credit Card Accountability Responsibility and Disclosure Act ("CCARDA") and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, alleging that a gift card purchased from the Greenbrier contains an expiration date which violates these acts.[1] Specifically, Plaintiff claims the gift card has an expiration date which is less than five years, in contravention of the above statutes. Plaintiff alleges that at some point he purchased

---

[1] As required when ruling on a motion to dismiss, the court will accept as true all well-pled factual allegations in the complaint.

a gift card from Defendant.  It is not clear from the complaint how or when this card was purchased; however, in Plaintiff's brief in opposition to the motion to dismiss it is stated that Plaintiff ordered this gift card through Defendant's website.

Plaintiff is a Pennsylvania resident who lives in Adams County. Defendant is a corporation with its principle place of business in West Virginia. Defendant claims this court lacks personal jurisdiction over Defendant and, as such, this case should either be dismissed or transferred to the United States District Court for the Southern District of West Virginia.  For the reasons that follow, the court agrees that it lacks personal jurisdiction over Defendant and that venue is more appropriate in the Southern District of West Virginia.

## II.        Personal Jurisdiction

"Once [a court's jurisdiction] is challenged, the burden rests upon the plaintiff to establish personal jurisdiction."  *Gen. Elec. Co. v. Deutz Ag.*, 270 F.3d 144, 150 (3d Cir.2001) (citing *Mellon Bank (East) PSFS, Nat'l. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992)).  A plaintiff may meet this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank*, 960 F.2d at 1223 (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d. Cir.1987)).  "A court must take 'specific analytical steps' when determining whether it can assert personal jurisdiction over a non-resident defendant."  *Accuweather, Inc., v. Total Weather, Inc.*, 223 F .Supp. 2d 612, 613 (M.D. Pa. 2002) (quoting *Pennzoil Prod. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir.1998)).

A federal district court sitting in Pennsylvania has jurisdiction over non-resident parties to the extent provided by Pennsylvania law.  *See* FED.R.CIV.P. 4(e); *see also Mellon Bank*, 960 F.2d at 1221.  Pennsylvania's long-arm statute allows a court to exercise jurisdiction over a non-resident defendant "to the fullest extent allowed under the Constitution of the United States and may be based upon the most minimum contact with this Commonwealth allowed under the Constitution of the United States."  *See* 42 PA. CONS.STAT. § 5322(b); *see also Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir.1984).  Accordingly, the reach of Pennsylvania's long-arm statute is "coextensive with the due process clause of the United States Constitution."  *Time Share*, 735 F.2d at 63.  The due process clause of the United States Constitution requires a non-resident defendant to have certain minimum contacts with the forum state in order for a court in that forum to properly exercise personal jurisdiction.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  General jurisdiction may be exercised over a non-resident defendant when the defendant has "continuous and systematic" contacts with the forum state. *Int'l Shoe*, 326 U.S. at 318.  Notably however, "the size of the percentage of defendant's total business represented by its contacts with the forum and the substantiality of the absolute dollar amount involved in the contacts with the forum state are generally irrelevant."  *Asanov, et al., v. Gholson, Hicks & Nichols, P.A., et al.,* Civ. No. 1:05-2098, 2006 WL 1289308, at *8 (M.D. Pa. 2006) (citing *Provident Nat. Bank v. Ca. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437-38 (3d Cir. 1987).

However, even if the defendant does not have continuous and systematic contacts with the forum state, the defendant may still be subject to

Case 5:11-cv-00968   Document 11   Filed 11/14/11   Page 4 of 8 PageID #: 126

specific jurisdiction in the forum state. *Deutz Ag*, 270 F.3d at 150 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984)). Three elements must be established in order to warrant specific jurisdiction. *Zippo Mfg. Co. v. Zippo Dot Com*, 952 F.Supp. 1119, 1122-23 (W.D. Pa. 1997). First, the cause of action must "arise[ ] out of the defendant's contacts with the forum." *Helicopteros Nacionales*, 466 U.S. at 414 n. 8. Second, the defendant must have "purposefully established 'minimum contacts' with the forum." *Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe*, 326 U.S. at 316). Finally, the exercise of personal jurisdiction must be reasonable, and must not offend "traditional notions of fair play and substantial justice." *World-Wide Volkswagen,* 444 U.S. at 292 (quoting *Int'l Shoe*, 326 U.S. at 316).

  To establish the minimum contacts necessary to assert specific jurisdiction the defendant must have "purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co., Ltd. v. Superior Court of Ca.*, 480 U.S. 102, 109 (1987) (quoting *Burger King*, 471 U.S. at 475). "Defendants who 'reach out beyond one state' and create continuing relationships and obligations with the citizens of another state are subject to regulation and sanctions in the other state for the consequences of their actions." *Zippo*, 952 F.Supp. at 1123 (quoting *Burger King*, 471 U.S. at 473). Specific jurisdiction is established when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297. However, specific jurisdiction is not established if the non-resident defendant's conduct in the forum state is "random, isolated or fortuitous." *Keeton v. Hustler*

4

*Magazine, Inc.*, 465 U.S. 770, 774 (1984).  In addition, mere knowledge that an allegedly harmed plaintiff is located in the forum state will not be sufficient to establish specific jurisdiction.  *Metallic Ceramic Coatings, Inc., v. Precision Prod., Inc.*, Civ. No. 00-4941, 2001 WL 122227, at *6 (E.D. Pa. 2001).

Using these standards, it is clear this court lack both general and specific personal jurisdiction over the Defendant.  The *only* contact Defendant has with the Middle District of Pennsylvania comes from Plaintiff availing himself of Defendant's website and ordering a gift card, which was shipped to Plaintiff's residence in Adams County.  This contact is the very definition of "*de minimus*" and/or "random, isolated or fortuitous" and is far from sufficient to establish either the "continuous and systematics" contacts needed for general jurisdiction or the "minimum contacts" necessary for specific jurisdiction.  Defendant is not incorporated or licensed in Pennsylvania, Defendant does not pay taxes in Pennsylvania, Defendant does not conduct regular business in Pennsylvania, internet or telephone gift cards orders are not a revenue generator for Defendant, Defendant does not have offices, bank accounts, property or agents in Pennsylvania, and Defendant does not target Pennsylvania for advertising.  In fact, the only reason Defendant's gift card entered into Pennsylvania was because Plaintiff availed himself of Defendant's website and asked that it be shipped here.

### III.      Venue

The applicable statute for change of venue is 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought." This statute provides district courts with discretion to transfer a civil action "if the transfer is warranted by the convenience of parties and witnesses and promotes the interests of justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Stated differently, "the purpose of [§ 1404(a)] is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (internal quotations omitted). Although the court has discretion to transfer venue, "a motion to transfer is not to be liberally granted." *Measurement Specialties, Inc. v. Stayhealthy.com*, 275 F. Supp. 2d 638, 640 (E.D. Pa. 2003).

  As a threshold question, the court must determine whether the action "might have been brought" in the proposed transferee district. *Van Dusen*, 376 U.S. at 616-17. If this limitation is met, the court must then weigh a list of factors. While there is no definitive list of factors, courts generally consider the following interests : (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (4) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (5) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum; (6) the enforceability of the judgment; (7) practical considerations that could make the trial easy, expeditious, or inexpensive; (8) the relative court congestion in the competing courts; (9) the local interest in deciding local controversies at home; (10) the public policies of the fora; (11) and the familiarity of the trial judge with the applicable state law. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). The burden of showing that these factors warrant transfer rests with the moving party. *Id.* at 879. However,

the moving party "is not required to show 'truly compelling circumstances for . . . change . . . [of venue, but rather that] all relevant things considered, the case would be better off transferred to another district.' " *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001) (quoting *In re Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995)) (alterations in original).

Weighing these factors, venue transfer is appropriate. The gift card in question presumably originated at Defendant's principle place of business in West Virginia. All records relating to the gift card are located there, as are all witnesses who can testify regarding when and how the gift card was purchased. There is simply nothing in the Middle District of Pennsylvania besides this being where Plaintiff lives. West Virginia has more of an interest than Pennsylvania in deciding if a corporation operating within its borders is selling allegedly illegal gift cards. As such, venue is more appropriate in the Southern District of West Virginia.

### III.    Conclusion

This court does not have personal jurisdiction over Defendant and venue is improper here. Thus, this case will be transferred to the United States District Court for the Southern District of West Virginia.

                                                            s/Sylvia H. Rambo
                                                            United States District Judge

Dated: November 14, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH SUCEC,** | Civil Action: 1:11-CV-1716 |
| **Plaintiff** | |
| v. | The Honorable Sylvia H. Rambo |
| **THE GREENBRIER,** *et al.,* | |
| **Defendant** | |

**O R D E R**

For the reasons set forth in the accompanying memorandum of law, it is **HEREBY ORDERED THAT** the Clerk of Court shall **TRANSFER** this case to the United States District Court in the Southern District of West Virginia.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  November 14, 2011.