## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| JOSEPH SUCEC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:11-0968 |
| | ) | |
| THE GREENBRIER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Defendant Greenbrier Hotel Corp. [The Greenbrier] has filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Memorandum in Support (Document Nos. 18 and 19.). Plaintiff has filed a Response in Opposition (Document No. 23.) and Defendant has filed a Reply (Document No. 24.). Having examined the record and the applicable law and the decisions of several Courts, the undersigned concludes, and hereby respectfully recommends, that Defendant's Motion to Dismiss should be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initially filed his Verified Complaint in the Court of Common Pleas of Adams County, Pennsylvania, on August 9, 2011, alleging that The Greenbrier issued him a gift card with an expiration date of less than five years in violation of the Credit Card Accountability Responsibility and Disclosure Act [CCARDA] and the Electronic Funds Transfer Act [EFTA], 15 U.S.C. §§ 1693, *et seq.*, and associated Regulations. Plaintiff seeks statutory damages under 15 U.S.C. § 1693m, his costs and attorneys fees in the total amount of $2,312.50. Plaintiff attached a copy of The Greenbrier gift card to his Complaint. The Gift Card states that "[t]his gift card will expire three years after the thirty-first day of December of the year in which the gift card was

purchased." (Document No. 1-1, pp. 2 - 14.) The Greenbrier filed a Notice of Removal in the United States District Court for the Middle District of Pennsylvania on September 13, 2011, alleging the District Court's original subject matter jurisdiction under 28 U.S.C. § 1331. (Document No. 1.) The Greenbrier filed a Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) and Memorandum in Support on September 20, 2011, contending that the District Court did not have personal jurisdiction over it and Plaintiff did not sustain any ascertainable injury. (Document Nos. 2 and 3.) Plaintiff filed a Memorandum in Opposition to The Greenbrier's Motion (Document No. 9.), and The Greenbrier filed a Reply (Document No. 10.) By Memorandum and Order filed on November 14, 2011, the Pennsylvania District Court determined that "it is clear this court lacks both general and specific personal jurisdiction over the Defendant and that "venue transfer is appropriate." (Document No. 11, pp. 5 and 7.) This matter was transferred to this District Court in December, 2011. (Document No. 12 and also <u>Sucec v. Greenbrier</u>, 2011 WL 5520390 (M.D.Pa.)) On January 9, 2012, The Greenbrier filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Memorandum in Support. (Document Nos. 18 and 19.). The Greenbrier contends that Plaintiff has failed to state a claim for which relief may be granted because (1) "he has not suffered any ascertainable loss" or "injury in fact" and therefore (2) he "has no standing to bring his claims." The Greenbrier asserts that "[a]ssuming all of the facts in the Complaint are true, it remains evident that Plaintiff's alleged injury is *not* 'real and concrete,' but that it *is* merely 'conjectural and hypothetical.' Accordingly, Plaintiff has not met the minimum constitutional requirement of standing and his claims therefore fail as a matter of law." The Greenbrier cites <u>Alfi v. Nordstrom, Inc.</u>, 2010 WL 5093434 (S.D.Cal. 2010), indicating that the District Court "dismissed a Plaintiff's

claims under similar circumstances on the basis of standing."[1] Plaintiff filed his Response in Opposition on January 26, 2012. (Document Nos. 22 and 23.) Plaintiff contends that 15 U.S.C. §§ 1693m(a) specifies the damages to which he is entitled and he has stated them in his Complaint. He is therefore not required to plead or prove any other ascertainable damages. Plaintiff states that he only is required to plead and prove "that a transaction occurred, Plaintiff was affected, and that Defendant's actions, in issuing the card, constitute a prima facie violation of the statute. Plaintiff alleges that Defendant Greenbrier sold him an illegal card. The statute making the card illegal provides for statutory as well as actual damages. While Defendant Greenbrier takes considerable pains to make the case for a requirement of actual damages, any law allowing for statutory damages is by its nature a strict liability statute." The Greenbrier filed its Reply on February 2, 2012. (Document No. 24.) The Greenbrier argues that "Plaintiff entirely disregards the appropriate standard of review under Rule 12(b)(6), the explicit statutory language of the CCARDA addressing actual damages, and the constitutional mandate that a plaintiff have standing before he may bring *any* claim." The Greenbrier states further that "[h]aving admittedly suffered no ascertainable harm, Plaintiff can plead no set of facts to meet the minimum constitutional requirement of standing ot to demonstrate that he can maintain a cause of action under CCARDA." Plaintiff's attorney moved to withdraw (Document No. 25.), and the District Court allowed it (Document No. 26.) leaving Plaintiff *pro se*. By Order filed on February 13, 2012, the District Court referred this matter to the

---

[1] The undersigned finds that the circumstances in *Alfi* are not similar at all to the circumstances in this matter. Mr. Alfi sued Nordstrom seeking declaratory relief and damages on grounds of unjust enrichment and breach of contract for Nordstrom's alleged improper indication of expiration dates on "Nordstrom Notes". Mr. Alfi apparently did not allege that Nordstrom violated any federal statute which might in itself constitute an injury sufficient to confer standing. Applying Article III standing requirements, the District Court determined that Mr. Alfi did not have standing to proceed with his claims.

undersigned "for Findings of Fact and Recommendations for disposition." (Document No 27.) Following is the undersigned's discussion and recommendation respecting The Greenbrier's Motion to Dismiss (Document No. 18.)

## THE STANDARD

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of her 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corporation v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007)(reference to Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), omitted.) Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the Complaint in a light most favorable to the plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that the plaintiff's factual allegations do not support one or more of the elements of his discrimination claims and no relief could be granted under any set of facts which could be proven consistent with the allegations. Deference is given to *pro se* Complaints. *See* Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where

a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## DISCUSSION

The Electronic Funds Transfer Act [EFTA] was enacted on May 22, 2009, and became effective 15 months thereafter on August 22, 2010. See July 27, 2010, amendment of 15 U.S.C. § 1693l-1(a) to state "[e]xcept as provided under subsection (b) of this section, this title and the amendments made by this title . . . shall become effective 15 months after the date of enactment of this Act [May 22, 2009]."; 12 C.F.R. § 205.20(g)(1)("Except as provided in paragraph (h), the requirements of this section apply to any gift certificate, store gift card, or general-use prepaid card sold to a consumer on or after August 22, 2010, or provided to a consumer as a replacement for such certificate or card."); Carlini v. United Airlines, 2011 WL 1543212 at pp. 2 - 3 (N.D.Ill.). "[T]he Electronic Fund Transfer Act . . . establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services. The primary objective of the act . . . is the protection of individual consumers engaging in electronic fund transfers." 12 C.F.R. § 205.1(b).

15 U.S.C. § 1693l-1(a)(2)(C) defines "store gift card" as follows:

The term 'store gift card' means an electronic promise, plastic card, or other payment code or device that is –

(i)     redeemable at a single merchant or an affiliated group of merchants that share the same name, mark, or logo;

(ii)     issued in a specific amount, whether or not that amount may be increased in value or reloaded at the request of the holder;

(iii)    purchased on a prepaid basis in exchange for payment; and

5

    (iv)     honored upon presentation by such single merchant or affiliated group of merchants for good or services.

15 U.S.C. § 1693l-1(c) prohibits the sale of store gift cards with expiration dates except under certain circumstances as follows:

    (1)     Except as provided under paragraph (2), it shall be unlawful for any person to sell or issue a gift certificate, store gift card, or general-use prepaid card that is subject to an expiration date.

    (2)     Exceptions

         A gift certificate, store gift card, or general-use prepaid card may contain an expiration date if –

        (A)    the expiration date is not earlier than 5 years after the date on which the gift certificate was issued, or the date on which card funds were last loaded to a store gift card or general -use prepaid card; and

        (B)    the terms of expiration are clearly and conspicuously stated.

15 U.S.C. § 1693m(a) provides that consumers may recover damages for violations of EFTA as follows:

     Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of –

    (1)     any actual damage sustained by such consumer as a result of such failure;

    (2)(A) in the case of an individual action, an amount not less that $100 nor greater than $1,000;

                         * * *

    (3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1693m(g) establishes a period of limitation stating that "[w]ithout regard to the amount

6

in controversy, any action under this section may be brought in any United States district court, or in any court of competent jurisdiction, within one year from the date of the occurrence of the violation."

The Greenbrier asserts that Plaintiff cannot demonstrate that he has suffered any actual damages and therefore he has no standing to claim its violation of the EFTA. The Fourth Circuit has recently stated the test respecting standing under Article III of the United States Constitution in Lebron v. Rumsfeld, 670 F.3d 540, 560 (4th Cir. 2012), as follows:

> The standing doctrine gives practical effect to the Constitution's 'fundamental limits on federal judicial power in our system of government' imposed by the case or controversy requirement. Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). To satisfy this judicial baseline, a plaintiff must demonstrate:
>
> (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180 - 81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

An injury "required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 578, 112 S.Ct. 2130, 2145, 119 L.Ed.2d 351 (1992), *quoting* Warth v. Seldin, 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.ed.2d 343 (1975). "Essentially, the standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." Warth, 422 U.S. at 500, 95 S.Ct. at 2206; *see also* Edwards v. First American Corp., 610 F.3d 514, 517 (9th Cir. 2010), *cert. granted*, ___ U.S. ___, 131 S.Ct. 3022, 180 L.Ed.2d (June 20, 2011), *cert. dismissed*, 2012 WL 2427807 (June 28, 2012). Three District Courts have determined that violations of the EFTA constitute an injury sufficient to

7

confer standing. Campbell v. Hope Community Credit Union, 2012 WL 423432 (W.D.Tenn.)(Though Plaintiff made no claim for actual damages, she had standing based upon the alleged violation of her statutory right under the EFTA.); Kinder v. Dearborn Federal Savings Bank, 2011 WL 6371184 at * 2 (E.D.Mich.); In re Regions Bank ATM Fee Notice Litigation, 2011 WL 4036691 at * 4 (S.D.Miss.)("That Congress included two forms of damages – actual and statutory – is clear evidence that Congress intended to create a statutory right and a mechanism to redress violations thereof. * * * Congress created a statutory right to a particular form of notice, and Plaintiffs allege that Defendant did not provided it. That is a concrete, particular injury.").

Plaintiff alleges The Greenbrier's violation of 15 U.S.C. § 1693l-1(c) prohibiting the issuance of gift cards having expiration dates less than five years after issuance stating that the gift card which he purchased indicated that it expired three years from the date of its issuance. 15 U.S.C. § 1693m(a) authorizes Plaintiff's recovery of actual damages, if any, statutory damages and attorney's fees if he is successful. Clearly, the statute is properly read in favor of the rights of consumers in Plaintiff's position to allow Plaintiff a right to statutory damages though he may have no actual damages. For this reason, Defendant's Motion to Dismiss should be denied.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** The Greenbrier's Motion to Dismiss (Document No. 18.).

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and

72(b), Federal Rules of Civil Procedure, the parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: July 10, 2012.

R. Clarke VanDervort
United States Magistrate Judge